**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RANDY SMITH, #16706**

    **Plaintiff,**

vs.                                        Case No. 4:05cv99-RH/WCS

**MICHELLE GILL,
MADISON PROBATION & PAROLE,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*, doc. 2. Plaintiff has been granted leave to proceed *in forma pauperis*, doc. 2, in a separate order entered this day. Plaintiff's complaint has been reviewed as is required by 28 U.S.C. § 1915A and it is apparent that this action must be dismissed.

Plaintiff contends that Defendant Gill, his probation officer, used improper procedures when Plaintiff submitted to a urine test. Those procedures allegedly gave a false reading and Plaintiff was returned to prison. Plaintiff contends he did not use drugs and wants monetary damages for being returned to prison. Doc. 1.

It is clear that a prisoner may not seek to reduce his period of confinement pursuant to a civil rights claim. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). An attack on one's confinement or conviction is essentially a *habeas corpus* claim which must be brought before the court through the filing of a petition under 28 U.S.C. § 2254. Plaintiff may not indirectly challenge his imprisonment through this civil rights action.

Plaintiff's claim that the Defendant's improper procedures caused him to be returned to prison would, if proven, "necessarily imply the invalidity" of his term of imprisonment and, thus, is not cognizable under § 1983. The Court is unable to address Plaintiff's claim even though Plaintiff seeks relief in the form of damages and does not seek release from prison. A claim for damages that is related to a conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. <u>Heck</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372. To recover damages for allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id*. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id*. at 2373. Thus, Plaintiff's complaint under § 1983 should be dismissed for failure to state a claim because Plaintiff's claim is barred by <u>Heck v. Humphrey</u>, *supra*. Dismissal should be without prejudice to the filing of a § 2254 petition following exhaustion of state court remedies, or to the filing of a § 1983 suit if and when the issue is so cognizable under <u>Heck</u>.

Case No. 4:05cv99-RH/WCS

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 15, 2005.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**