IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDY LAGENE SMITH,

    Plaintiff,

v.                                                               CASE NO.  4:05cv99-RH/WCS

MICHELLE GILL,

    Defendant.

_____/

## ORDER OF DISMISSAL

Plaintiff was convicted in state court and was being supervised by the defendant probation officer.  Plaintiff submitted to a drug test, which came back positive, and he was sentenced to a term in jail for violating his conditions of supervision by using drugs.  Plaintiff now brings this action under 42 U.S.C. §1983 asserting the state's drug testing procedures are unreliable and that he should not have been found guilty of violating his conditions of supervision.  Plaintiff seeks an award of damages.

The case is before the court on the magistrate judge's report and recommendation (document 6) and the objections thereto (document 7).  I have reviewed de novo the issues raised by the objections.

The report and recommendation concludes that the action should be dismissed under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). *See also Wilkinson v. Dotson*, 125 S. Ct. 1242 (2005); *Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). Under *Heck*, a person in custody pursuant to a criminal sentence cannot properly pursue a civil rights action that, if successful, would necessarily call into question the validity of the conviction; any challenge to the lawfulness of such custody must, instead, be brought by petition for writ of habeas corpus.

It now appears, however, that plaintiff may not still be in custody on the violation conviction.[1] Supreme Court decisions can be cited on both sides of the issue of whether the *Heck* doctrine bars an action by a state offender who is not in custody or otherwise subject to a criminal justice sentence susceptible to challenge by petition for writ of habeas corpus. *Compare*, *e.g.*, *Heck*, 512 U.S. at 490 n.10 (opinion for the Court) (stating action is barred even after plaintiff has completed

---

[1] A person is in "custody," for purposes of the availability of habeas relief, not just when he or she is in physical custody, but also when he or she is under supervision. *See, e.g.*, Wright & Miller, 3 Fed. Practice & Procedure Crim. 3d, §596 (2004) ("[A] defendant is regarded as still in custody though he is free on parole. The same is true of a defendant who has been put on probation."); *see also Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) (noting that "a prisoner who is placed on parole is still 'in custody' under the unexpired part of his state sentence for purposes of the habeas statute") (citing *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S. Ct. 373, 377, 9 L. Ed. 2d 285 (1963)). A person who is in "custody" for habeas purposes is, of course, also in "custody" for purposes of the *Heck* doctrine.

service of sentence) *with Spencer v. Kemna*, 523 U.S. 1, 19, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (Souter, J., concurring for four justices) (stating that action is not barred if plaintiff cannot seek relief from conviction because he is not in custody) *and id*. at 25 (Stevens, J., dissenting) (agreeing with Justice Souter on this point). The Eleventh Circuit has not conclusively ruled on this issue in this context, but the court has put its foot in Justice Souter's camp, in the somewhat analogous context of extradition proceedings. *See Harden v. Pataki*, 320 F.3d 1289, 1298-99 (11th Cir. 2003).[2]

In sum, it is unclear whether plaintiff is still in custody on the violation charge, and it is unclear whether, if he is not, this renders *Heck* inapplicable.

Ultimately, all of this does not matter. Plaintiff's assertion is that his constitutional rights were violated when he was held to have violated his conditions of supervision based on a drug test plaintiff says was deficient. This is,

---

[2] The circuits are split on this issue, with some following the majority opinion in *Heck*, and others following the more recent statements of five justices in *Spencer*. *Compare Nonnette v. Small*, 316 F.2d 872, 876 (9th Cir. 2002) (reviewing *Heck* and *Spencer* and holding that where plaintiff was no longer incarcerated, he could maintain §1983 action), *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999) ("[W]e find that to apply the *Heck* rule . . . would contravene the pronouncement of five Justices that some federal remedy—either habeas corpus or §1983—must be available."), *and DeWalt v. Carter*, 224 F.3d 607, 616-17 (7th Cir. 2000) (reaching same result) *with Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998) (applying *Heck* to §1983 plaintiff no longer in custody) *and Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000) (same) (per curiam).

at bottom, not a challenge to actions of a probation officer—plaintiff consented, after all, to the drug test—but to the evidentiary rulings and findings of fact of the state court that convicted plaintiff of the violation. Plaintiff's assertion, in essence, is that the state court got it wrong. Challenges to a state court's rulings in a criminal case may be asserted by federal petition for writ of habeas corpus, but nothing authorizes relitigation of such issues in a federal civil rights action. To the contrary, federal district courts do not sit as appellate courts reviewing state court rulings, separate and apart from the review available on habeas. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517 (2005).[3]

---

[3] The *Rooker-Feldman* doctrine is more often applied when a party seeks review in federal district court of a state court ruling in a *civil* case, but the same principles are fully applicable in the criminal context, except to the extent that federal review is available on habeas. *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 485-86, 114 S. Ct. 2364, 2371-72, 129 L. Ed. 2d 383 (1994) (citing *Rooker* as supporting "finality and consistency" and stating that the Court "has generally declined to expand opportunities for collateral attack"); *Hood v. Keller*, 341 F.3d 593, 597-98 (6th Cir. 2003) (allowing suit to proceed and concluding *Rooker-Feldman* did not bar the action because Hood was *not* challenging his state criminal conviction); *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (noting that by providing habeas procedures, Congress created a comprehensive scheme for review of state court criminal judgments separate from the strictures of the *Rooker-Feldman* doctrine); *Evans v. Outagamie County*, 202 F.3d 272, at *3 (7th Cir. Dec. 10, 1999) (unpublished table op.) (affirming district court's dismissal of

Thus, whatever might be said of the ability of a convicted state criminal defendant (after release from custody but while the conviction remains intact) to bring a federal civil rights action challenging conduct of law enforcement officers or others that led to the state conviction, it is clear that such an action *cannot* be brought to challenge rulings of the state court itself.  If the state court made an erroneous ruling, the state court defendant's remedy is to appeal, not to a federal district court, but within the state system.

Finally, to the extent plaintiff seeks future injunctive relief—a change in defendant's testing procedures—rather than an award of damages, plaintiff's claim also is subject to dismissal for lack of standing and ripeness.[4]

---

claim under *Rooker-Feldman* because Evers "'may not use a civil action to challenge a criminal conviction she never sought to appeal'") (internal citation omitted); *Gu v. Mun. Gov't*, 113 F.3d 1229, at *3 (2d Cir. May 23, 1997) (unpublished table op.) ("[T]he district court lacks jurisdiction to the extent that Fei Gu desires the district court to review the state criminal court proceedings or to set aside the state court decision.") (citing *Rooker* and *Feldman*); *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995) (remarking that "the *Rooker-Feldman* doctrine, if it is to be kept distinct from res judicata . . . , ought to be confined to cases in which the defendant in the state court is seeking to undo a remedial order of some sort (ordinarily a criminal conviction or an injunction)").

[4] Plaintiff has made no showing of any likelihood that a false positive will result from any future drug test he might be required to take or that a state court will improperly admit evidence so unreliable as to violate constitutional standards. And if a state court does admit evidence improperly, plaintiff's remedy will be, as it was this time, to appeal within the state system and, if necessary, to seek review in the United States Supreme Court by petition for writ of certiorari.

*Case No: 4:05cv99-RH/WCS*

For these reasons,

IT IS ORDERED:

The report and recommendation (document 6) is ACCEPTED. The clerk shall enter judgment stating, "This action is dismissed for lack of jurisdiction." The clerk shall close the file.

SO ORDERED this 16th day of May, 2005.

                                              s/Robert L. Hinkle
                                              Chief United States District Judge